UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 2:18-CR-54 |
| | ) | REEVES |
| **SANDRA LEE HILTON** | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Sandra Hilton's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [R. 660]. As follows, Ms. Hilton's motion must be denied with leave to refile once statutory exhaustion requirements have been satisfied.

**I.     Background**

On November 4, 2019, this Court sentenced Ms. Hilton to a term of imprisonment of 85 months, followed by a 5-year supervised release term, for conspiracy to distribute 5 grams but less than 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846, § 841(a)(1), and § 841(b)(1)(B).

Ms. Hilton filed a motion for compassionate release [R. 660] pursuant to 18 U.S.C. § 3582(c)(1)(A). Ms. Hilton argued that extraordinary and compelling reasons exist for compassionate release because she has served almost a third of her sentence, and that it is difficult for the facility in which she is housed in to maintain social distancing during the COVID-19 pandemic. She also notes that she has completed a drug education course.

1

However, she has not stated if she has petitioned the warden for release, nor if she has any medical condition that would increase her risk of severe illness from COVID-19.

## II. Legal Standard

Once a district court has imposed a sentence, the court lacks "the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). One such statute is 18 U.S.C § 3582(c)(1)(A). Under § 3582(c)(1)(A), a court may modify a term of imprisonment where "extraordinary and compelling reasons warrant [modification]." Originally, this kind of "compassionate release" motion could only be brought by the BOP, and were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 423 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)).

However, the First Step Act of 2018 amended § 3582(c)(1)(A) to allow defendants to file motions for compassionate release on their own behalf. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). The First Step Act modified § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." *Id.* (capitalization omitted). As a threshold matter, however, a defendant may only move for compassionate release "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

2

defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). This exhaustion requirement is a mandatory claim-processing rule that must be enforced unless the rule is waived or forfeited by the government. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

If the defendant clears this hurdle, or the exhaustion requirement is waived or forfeited, a court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" and finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

### III. Analysis

Ms. Hilton is requesting for the remainder of her 85-month sentence to be served as at-home confinement under 18 U.S.C. § 3582(c)(1)(A).

A defendant may move for compassionate release only "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The Sixth Circuit has further explained that the requirement exists to

3

promote "an orderly system for reviewing compassionate-release applications, not one that incentivizes line jumping." *Alam*, 960 F.3d at 834. It also "ensures that the prison administrators can prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id.* at 835.

Here, Ms. Hilton has not demonstrated that she has fully exhausted all of her administrative rights. She has not even alleged that she has taken any other action outside of the request she sent to this Court. In other words, Ms. Hilton has failed to meet her "burden to show" that she has exhausted her administrative remedies. *United States v. McDonald*, No. 94-CR-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020) (citing *Ebbers*, 423 F.Supp.3d at 426).

## IV. Conclusion

In light of the foregoing Ms. Hilton's motion for compassionate release [D. 660] is **DENIED** with leave to refile once the exhaustion requirements have been satisfied.

**IT IS SO ORDERED.**

PAMELA L. REEVES
CHIEF UNITED STATES DISTRICT JUDGE